CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

ALLISON J. CHEUNG, CSBN 244651
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (510) 970-4811
Facsimile: (415) 744-0134
E-Mail: allison.cheung@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRENDA BOOKER, | Case No.: 2:22-cv-00249-VCF |
| Plaintiff, | |
| vs. | **MOTION TO BE RELIEVED OF PROVIDING PAPER COPY OF THE CERTIFIED ADMINISTRATIVE RECORD** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

**MOTION**

Pursuant to Local Rule IA 1-4, Defendant, the Acting Commissioner of Social Security (Defendant or Commissioner), respectfully moves for an order to change, dispense with, or waive the requirement per Local Rule IC 2-2(g) that the Commissioner provide the Court with a paper copy of any document over 50 pages in length. Specifically, the Commissioner requests that she be relieved of providing a paper copy of the certified administrative record (CAR) required to be filed with Defendant's answer pursuant to 42 U.S.C. § 405(g). Relatedly, Defendant moves from an order to change, dispense with, or waive the requirement per Local Rule IC 4-1(c)(6) that parties who cannot file on CM/ECF are served with a paper copy of any filing—here, the CAR. Defendant further requests that she be allowed to provide the Court and Plaintiff with a courtesy copy of the CAR on a compact disc ("CD"). This motion is based on the following memorandum of points and authorities, along with the papers and pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INRODUCTION**

Local Rule IC 2-2(g) requires that a party "provide to chambers a paper copy of all electronically filed documents that exceed 50 pages in length, including exhibits or attachments." In Social Security disability cases, the application of this rule means that a paper/hard copy of the CAR must be submitted to the presiding judge's chambers, as CARs will almost always exceed 50 pages in length. In addition, the pre-COVID scheduling orders in Social Security disability cases typically required that Defendant submit a both a paper copy and an electronic copy of the CAR, under seal, to the Court. Local Rule IC 4-1(c)(6) moreover requires that a paper copy of the CAR be served on any party that cannot access the CM/ECF system.

As will be explained in more detail below, due to the COVID-19 pandemic, the Social Security Administration has been unable to prepare certified paper copies of the CAR for courts of this district, as required. Defendant hereby requests that this Court change, dispense with, or waive the requirements under L.R. IC 2-2(g) and 4-1(c)(g) to provide a paper copy of the CAR to the Court and Plaintiff in this case. Defendant will ensure that the *pro se* Plaintiff in this case will receive a copy of the CAR on a CD. In

addition, Defendant will file an electronic copy of the CAR (e-CAR) under seal using an event in CM/ECF that will be accessible to all case participants, including counsel of record.[1]

## II. ARGUMENT

### A. Local Rule IA 1-4

L.R. IA 1-4 provides that "[t]he court may sua sponte or on motion change, dispense with, or waive any of [the local rules] if the interests of justice so require." This rule has been applied to, for example, waive the requirements of L.R. IA 10-3(e), which required that the cover page of each exhibit include a description of the exhibit. *Gant v. Williams*, No. 2:16-cv-00528-JAC-NJK, 2017 WL 2974945, at *1 (respondents argued that adding descriptors to the cover page of each exhibit was unduly burdensome given the large number of exhibits in the case).

### B. This Court Should Find under Local Rule IA 1-4 That the Interests of Justice Are Served By Waiving the Requirement that Defendant Provide a Paper Copy of the CAR to the Court and Serve a Paper Copy on Plaintiff.

Defendant, by her undersigned attorneys, provides notice to the Court and Plaintiff that an electronic copy of the CAR has been prepared and can now be filed in this matter. As of March 30, 2022, some employees of the Social Security Administration, including those working in the Office of Appellate Operations (OAO)—which is responsible for the preparation of CARs for the agency—have returned to the office, with the implementation of telework schedules for many employees that are intended, in part, to ensure the safety of employees upon their return due to COVID-19. As a result, while a certain number of OAO staff may be on-site on any given day, those employees must perform a number of OAO's most vital duties, such as converting paper claim files to electronic format, physically searching for missing paper claims files, processing mail, and completing urgent business that cannot be handled

---

[1] While Defendant has previously requested permission from the court to file the e-CAR under seal, Fed. R. Civ. P. 5.2(c) provides that electronic access to the court's docket is authorized for parties and their attorneys of record. In addition, Local Rule IA 10-5 allows for sealed filings when "permitted by statute, rule, or prior court order." As such, Defendant is not required to seek permission from the court to file the e-CAR under seal, and the Clerk's Office has changed the sealing instructions in CM/ECF to now reflect that such filings are permitted consistent with L.R. IA 10-5. Defendant therefore intends to file the e-CAR under sealed using the "Certified Administrative Record" event in CM/ECF, which the Court and all counsel of record will have access to.

remotely. Given the limited staff on-site and overall volume of cases, OAO remains, at this time, unable to provide paper and CD copies of the CAR in every case—which this Court typically requires.

Pursuant to Local Rule IA 1-4 and in the interests of justice, the Commissioner hereby requests that she be relieved of the requirement of providing a paper copy of the CAR to the Court and Plaintiff. In order to ensure that Plaintiff in this case, who is *pro se*, has access to the CAR, SSA's Office of the General Counsel (OGC) has prepared CD copies of the CAR. The Commissioner will submit the CD containing this uncertified version of the CAR to the presiding judge's chambers and will provide an additional CD copy to Plaintiff. OGC will be unable to provide these CD copies to the Court or parties on a routine basis. However, in light of the Plaintiff's *pro se* status, the Commissioner has prepared the CDs in order for this case to move forward without delay. The Commissioner stands ready to proceed with serving the CD on Plaintiff and will file the e-CAR under seal such that the Court and counsel of record can access the CAR through CM/ECF. This will allow for the case to move forward without delay.

### **CONCLUSION**

Despite diligent efforts to ameliorate the impacts of the pandemic, it continues to impact the Commissioner's ability to process SSA disability appeal cases, including the ability to print and transmit paper copies of CARs. The Court should exercise its discretion by waiving the requirement to provide the Court and Plaintiff with a paper copy of the CAR. In addition, the Court should authorize the Commissioner to provide the Court and Plaintiff with a copy of the CAR on a CD.

//
//
//
//
//
//
//
//

| | |
|---|---|
| Dated:  April 15, 2022 | Respectfully submitted, |
| | CHRISTOPHER CHIOU<br>Acting United States Attorney |
| | */s/Allison J. Cheung*<br>ALLISON J. CHEUNG<br>Special Assistant United States Attorney<br>Attorneys for Defendant |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  4-15-2022 _____

## CERTIFICATE OF SERVICE

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 160 Spear Street, Suite 800, San Francisco, California 94105. I am not a party to the above-entitled action. On the date set forth below, I caused a copy of the foregoing **MOTION TO BE RELIEVED OF PROVIDING PAPER COPY OF THE CERTIFIED ADMINISTRATIVE RECORD** to be mailed to Plaintiff via United States Postal Service at the address set forth below:

>Brenda Booker
>5002 S. Maryland Parkway, #11
>Las Vegas, NV 89119

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 15, 2022

>*/s/ Allison J. Cheung*
>ALLISON J. CHEUNG
>Special Assistant United States Attorney